67 Cal.Rptr. 293]

[Civ. No. 30799. Second Dist., Div. Two. Jan. 18, 1968.]

GLORIA B. HECHT, Plaintiff and Respondent, v. HAROLD HECHT, Defendant and Appellant.

Aaron L. Lincoff for Defendant and Appellant.

Kadison & Quinn, Stuart L. Kadison, Richard A. Roth and Morris Pfaelzer for Plaintiff and Respondent.

ROTH, P. J.—The parties hereto being unable to consummate a property settlement during the pendency of their divorce action, entered into a stipulation approved by the court on September 7, 1960, for support of their children, respondent-wife, and otherwise affecting but not completing a disposition of their property rights.

On July 11, 1961, an interlocutory decree of divorce was granted to respondent-wife which, among other things, reserved to the court for its determination the issues of alimony, child support, the division of community property of the parties, attorneys' fees, etc.

A final judgment of divorce was entered on August 31, 1962.

Respondent-wife remarried in September 1962 and appellant-husband remarried in October 1962.

A property settlement agreement was finally executed as of April 24, 1963 (settlement). The settlement was incorporated *in haec verba* in an order of the court dated June 28, 1963. The pertinent portion thereof is as follows:

"Said alimony payments shall not be modifiable by either the plaintiff or the defendant or this Court, and the same shall terminate only upon the expiration of one hundred and twenty-one (121) months from May 1, 1963, or upon the death of the plaintiff, GLORIA HECHT, whichever event shall first occur, and the same shall not terminate either upon the death of HAROLD HECHT or upon the re-marriage of plaintiff, GLORIA HECHT. In the event of the death of the defendant, HAROLD HECHT, prior to both the expiration of said one hundred and twenty-one (121 month period and the death of the plaintiff, GLORIA HECHT, then the unpaid alimony for the remainder of the period shall be a charge against defendant's estate. Said alimony is an integrated part of the Property Settlement Agreement entered into between the plaintiff and defendant, which is incorporated hereinafter."

It is conceded by both parties that the settlement is an integrated one.

Appellant, relying on a 1961 amendment to section 139 of the Civil Code and on *Heller* v. *Heller*, 230 Cal.App.2d 679

4

[41 Cal.Rptr. 177], seeks to modify the alimony provisions above excerpted.

When appellant's order to show cause, supported by the documents herein referred to, came on for hearing, the trial court refused to take any further evidence and denied the request for modification. This appeal is from an order refusing to modify.

Appellant argues that the 1961 amendment to section 139 expressly authorized modification of alimony provisions in an integrated property settlement agreement, and that the express words of the statute are ratified by *Heller, supra,* which interprets the statute.

The statute is in pertinent part: "In any interlocutory or final decree of divorce . . . the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life. . . . That portion of the decree or judgment making any such allowance . . . or order for support of the other party based on a provision for such support in an integrated property settlement agreement, may be modified . . . at any time at the discretion of the court. . . ." (Cal. Civ. Code, § 139, as amended, 1961).

The 1961 amendment to section 139 authorized modification by the court of an order dealing with the support and maintenance of a spouse, even though based on an integrated property settlement agreement. (36 State Bar J. 671.) The effect of this amendment was to give modification treatment to support allowances for the spouse, as well as for the minor children of the marriage, for whom modification treatment was authorized in a 1959 amendment to this section.

Prior to the 1961 amendment, and subsequent to its repeal in 1963, support provisions made an integrated part of a property settlement agreement were not modifiable, unless modification was provided for in the agreement, or consented to by both parties. (*Tuttle* v. *Tuttle* (1952) 38 Cal.2d 419 [240 P.2d 587]; *Dexter* v. *Dexter* (1954) 42 Cal.2d 36, 40 [265 P.2d 873]) *Messenger* v. *Messenger* (1956) 46 Cal.2d 619 [297 P.2d 988]; *Flynn* v. *Flynn* (1954) 42 Cal.2d 55, 61 [265 P.2d 865]; *Baker* v. *Baker* (1961) 192 Cal.App.2d 730, 732-733 [13 Cal.Rptr. 772]; *Carson* v. *Carson* (1960) 179 Cal. App.2d 665, 668-669 [4 Cal.Rptr. 38].)

In *Heller,* the court observed at page 685: that "[a]lthough the precise meaning of these amendments was not clear (see 36 State Bar J. 671; 3 Witkin, Summary of Cal. Law (1960)

§ 135, p. 2678-§ 145, p. 2684; 2 The California Family Lawyer (1963) (Cont.Ed.Bar) § 26.17, pp. 1178-1179), their effect would seem to destroy the entire rule against modification of integrated agreements . . . except where the parties had no minor children. As no effective date was prescribed for the 1961 amendments, they presumably apply only to agreements executed after they became law on September 15, 1961.'' The repeal in 1963 was expressly made non-retroactive. (Cal.Stats. 1963, ch. 861, § 2, p. 2097.) It is clear that the elements of Civil Code, section 139 as it existed in the years in which the agreement was executed would apply to the facts at bench if the order to make alimony payments was an order for support within the meaning of the amended statute, since the parties before us had three minor children and the settlement before us is included in its scope.

 Respondent contends, however, that the alimony provision of the settlement at bench cannot be modified, notwithstanding the existence of the 1961 amendment. She argues that the payments provided for though called ''alimony'' cannot be regarded as ''alimony'' or ''support'' within the meaning of section 139, and that they are in fact a division of property based on an extended pay-out. She points out that the settlement was executed after she was married, the payments are of definite duration, may survive the husband, and in the event of his death, constitute a claim against his estate.

Respondent contends further that the settlement cannot be modified by either party or the court because section 139 was not intended to be applied to a voluntary settlement, such as the one at bench, and she implicitly asserts that if the settlement is included within the language of amended section 139, the provisions of that section were waived by the parties.

We have concluded that the settlement before us is not controlled by the amended code section 139, and therefore do not discuss the implicit contention of waiver.

 Alimony or support provisions for a wife are not usually made in a settlement executed after the wife has remarried.

Alimony is usually awarded to compensate for the marital support lost by the injured spouse through the fault of the other and to provide a measure of support during such period of time as the innocent spouse may remain unmarried. (*Hall* v. *Superior Court* (1955) 45 Cal.2d 377 [289 P.2d 431]; *Webber* v. *Webber* (1948) 33 Cal.2d 153 [199 P.2d 934]; *Whitney*

v. *Whitney* (1958) 164 Cal.App.2d 557 [330 P.2d 947]; see also 3 Witkin, Summary of Cal. Law (1960) § 106.)

 Alimony per se is not a substitute for a spouse's interest in community or separate property. It is made entirely " '. . . independent of the property then *in esse*.' " (*Scheibe* v. *Scheibe* (1943) 57 Cal.App.2d 336, 342 [134 P.2d 835]; *Calhoun* v. *Calhoun* (1947) 81 Cal.App.2d 297 [183 P.2d 922). Alimony payments are made to provide food, clothing, and other necessaries for support and do not contemplate a settlement of property interests or general endowment of wealth. (*Bradley* v. *Superior Court* (1957) 48 Cal.2d 509, 522 [310 P.2d 634].) Support payments in the form of alimony arise from the marital relationship and are not founded upon contract. (*In re Fawcett's Estate* (1965) 232 Cal.App. 2d 770 [43 Cal.Rptr. 160]; *Aarons* v. *Brasch* (1964) 229 Cal. App.2d 197 [40 Cal.Rptr. 153].)

 The cases recognize that when installment payments have been made an integrated part of a settlement, such payments, although they may be designated as alimony or support payments, are nevertheless not alimony" . . . to the extent they represent a division of the community property itself, or constitute an inseparable part of the consideration for the property settlement. . . ." (*Di Marco* v. *Di Marco* (1963) 60 Cal.2d 387, 392 [33 Cal.Rptr. 610, 385 P.2d 2]; *Messenger* v. *Messenger, supra*; *Roberts* v. *Roberts* (1964) 226 Cal.App.2d 507, 512 [38 Cal.Rptr. 176].)

 Inherent characteristics of alimony are that it is paid during a period in which the divorced wife remains unmarried and payment thereof ordinarily terminates on the death of either spouse. (*Messenger* v. *Messenger, supra*.) The alimony payments here involved are expressly integrated in the settlement and were to continue until a definite sum had been paid. The obligation to complete the payments may survive the husband. If the obligation does survive, it constitutes a claim against his estate for the amount unpaid at his death. The settlement was executed approximately one year after both parties had remarried. At that time they both agreed that the provisions here involved would not be modified by either party or the court. It thus appears that the nature of the obligation represented by the payments was a contribution to a division of property rather than a substitute for the marital support respondent lost through the wrongdoing of appellant. We hold therefore that the payments herein provided for were a contribution to a division of prop-

erty and are outside the scope of Civil Code, section 139, as amended.

The order is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied February 15, 1968, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1968.