[Civ. No. 24417.   First Dist., Div. Three.   Apr. 23, 1968.]

FAYE ROBERTS, Plaintiff and Appellant, v. ERNEST ROBERTS, Defendant and Respondent.

Mullin & Cost and Parker S. Kelly for Plaintiff and Appellant.

William W. Penaluna for Defendant and Respondent.

SALSMAN, J.—This is an appeal from order denying appellant's motion for a writ of execution. The purpose of the writ was to recover certain periodic payments due under a

1956 divorce decree incorporating the provisions of a property settlement agreement between appellant and respondent. The court denied the writ on the ground that respondent's obligation to make the periodic payments had been discharged when he was declared bankrupt in 1964. The court's order reveals that the court regarded the obligation as dischargeable because it had been held non-modifiable when respondent made a motion to modify the amount of the payments in 1960.

Appellant and respondent were divorced in 1956. At the time of their divorce they entered into a property settlement agreement which, among other things, recited that they (1) intended their agreement to effect a final and complete settlement of their respective property rights with reference to their marital status, (2) awarded appellant an automobile and all the household furniture, (3) awarded respondent an automobile, and (4) further provided that the husband should pay to his wife for her support and maintenance the sum of $175 per month until her death or remarriage. The agreement was incorporated in the decree and respondent was ordered to pay appellant $175 per month as agreed.

In 1960 respondent moved to modify the monthly payments previously ordered. His motion was denied. At that time the court declared in its minute order that it was ". . . of the opinion that it does not have the power to. modify . . . the provisions of the property settlement agreement." Four years later respondent submitted a formal order to the court which purported to amplify and explain the 1960 minute order. In effect, the formal order characterized the payments due appellant under the property settlement agreement simply as a division of community property. The court signed the order. On appeal, however, the formal order was vacated and set aside. (*Roberts* v. *Roberts,* 241 Cal.App.2d 93, 99, 101 [50 Cal.Rptr. 408].) The appellate court noted in its opinion that: "The 1960 minute order denied a reduction of monthly payments to the wife on the sole basis that the property settlement agreement could not be modified. . . . The 1964 formal order not only denied such reduction on the above basis but also went further and provided that the payments were not in the nature of alimony, were contractual and constituted a division of property, at the same time omitting all reference to the fact that they had been expressly designated to be for the support and maintenance of the wife."

In 1964 respondent was declared a bankrupt. He named his wife as a creditor, and listed his obligations under the prop-

erty settlement agreement and decree as a debt, and secured his discharge in bankruptcy. He now contends that his discharge in bankruptcy has barred appellant's claims under the property settlement agreement and the court's decree.

Respondent contends that in 1960 the superior court determined that payments due under the property settlement agreement and decree were in the nature of a division of property and hence not subject to later modification by court order. Undoubtedly the court in the 1960 proceeding concluded that the agreement was an integrated one and hence the support provisions of the decree were beyond the reach of a later court order. It does not follow, however, that the obligation created by the property settlement agreement was discharged by appellant's later bankruptcy.

Three types of property settlement agreements have been recognized in California. ■ First, are agreements which contain "pure" or severable provisions which provide for periodic payments in the nature of alimony. Payments agreed to in such provisions may be modified by subsequent court order (see former Civ. Code, § 139 as it stood in 1956, when the agreement was signed and approved; *Plumer* v. *Plumer,* 48 Cal.2d 820, 823-824 [313 P.2d 549] ; *Roberts* v. *Roberts,* 226 Cal.App.2d 507 [38 Cal.Rptr. 176]) and may not be discharged in bankruptcy, because they are payments "for alimony due or to become due, or for maintenance or support of wife or child. . . ." (11 U.S.C.A. § 35(a)(2); *Yarus* v. *Yarus,* 178 Cal.App.2d 190, 195-196 [3 Cal.Rptr. 50] ; *Smalley* v. *Smalley,* 176 Cal.App.2d 374, 375-376 [1 Cal.Rptr. 440, 74 A.L.R.2d 756].) ■ Second, are agreements which contain provisions ordering periodic payments which are purely in the nature of a division of property. Such payments may not be modified by subsequent court order (see former Civ. Code, § 139, *supra; Plumer* v. *Plumer, supra; Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 177-178 [44 P.2d 540]). They are regarded as a debt dischargeable in bankruptcy. (11 U.S.C.A. § 35(a)(2); *Yarus* v. *Yarus, supra; Smalley* v. *Smalley, supra.*)

■ However, in *Adams* v. *Adams,* 29 Cal.2d 621 [177 P. 2d 265], and subsequent cases, our Supreme Court has recognized a third and "hybrid" type of agreement, in which the periodic payments are "integrated" with the disposition of property rather than "severable" from it, because the support provisions "constitute reciprocal consideration . . ." for the division of property agreed upon. (*Plumer* v. *Plumer, supra,* 48 Cal.2d 820, 824; *Dexter* v. *Dexter,* 42 Cal.2d 36, 40

[265 P.2d 873]; *DiMarco* v. *DiMarco,* 60 Cal.2d 387, 391-392 [33 Cal.Rptr. 610, 385 P.2d 2].)

In *Dexter* the court said that when ". . . the parties have made the provision for support and maintenance an integral part of their property settlement agreement, the monthly payments will ordinarily have a dual character. To the extent that they are designed to discharge the obligation of support and maintenance they will ordinarily reflect the characteristics of that obligation and thus have the indicia of alimony. [Citations.] On the other hand, to the extent that they represent a division of the community property itself, or constitute an inseparable part of the consideration for the property settlement, they are not alimony, and accordingly cannot be modified without changing the terms of the property settlement agreement of the parties." (*Id.* at pp. 41-42; see also *DiMarco* v. *DiMarco, supra.*) Whether periodic payments agreed upon in an integrated property settlement agreement may be discharged in bankruptcy is the question before us in this case.

Since the trial court in 1960 merely held that the payments in the agreement before us could not be modified, its order rested upon a finding either that the payments represented a pure division of property or, as seems more likely, that the payments were part of an integrated property settlement agreement. Thus, the 1960 order cannot be accorded res judicata effect in an action to determine whether the obligation to make the payments was discharged when respondent was declared bankrupt, for it is probable, considering the nature and extent of the community property, that the 1960 order rested upon the court's finding that the agreement was integrated, rather than a pure division of property.

In 1966, when the appellate court vacated the supplemental order characterizing the agreement as a pure division of property, it noted that an integrated property settlement agreement may contain provisions for periodic payments which are "for maintenance or support of wife or child . . ." and hence not dischargeable in bankruptcy (11 U.S.C.A. § 35(a) (2)), despite the fact that they may not be modified by subsequent court order. (*Roberts* v. *Roberts, supra,* 241 Cal.App.2d 93, 100.) ▇▇▇ Our task, therefore, is to construe the agreement to determine whether the payments were in the nature of support and maintenance and hence not dischargeable in bankruptcy.

The pertinent provisions of the agreement are before us in

the agreed statement on appeal. ■ The language of the agreement is clear and unambiguous. We do not know if the trial court received extrinsic evidence as an aid in the interpretation of the agreement, but we observe that if it did, its findings based upon such evidence would be without foundation, because no such evidence is necessary to an understanding of the language used by the parties in this agreement. (See *Yarus* v. *Yarus, supra,* 178 Cal.App.2d 190, 202; *Carlton* v. *Superior Court,* 240 Cal.App.2d 586, 588 [49 Cal.Rptr. 759]; *Roberts* v. *Roberts, supra,* 226 Cal.App.2d 507, 518-519.) ■ In its preamble the agreement declared the intention of the parties to effect a final and complete settlement of their property rights with reference to their marital status and to each other. To effectuate this purpose they divided their meager community property. Appellant received the household furniture and a 7-year-old car. Respondent, in turn, received a 9-year-old vehicle. Apparently there was no other physical property to divide. But in language that cannot be misinterpreted, respondent agreed to ''. . . pay to wife *for her support and maintenance* One Hundred Seventy-Five Dollars ($175.00) a month, payable on the 1st day of each month commencing with the 1st day of August 1956 and continuing until wife dies or remarries.'' (Italics added.) It seems clear that respondent's agreement to support his wife until her death or remarriage was not a provision exchanged in consideration of a division of community property, but on the contrary was a promise made in recognition of his obligation to support her, and hence was in the nature of support and maintenance, and not subject to discharge in bankruptcy. (*Remondino* v. *Remondino,* 41 Cal.App.2d 208 [106 P.2d 437].)

The order is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.