[Civ. No. 25063.   First Dist., Div. Four.   Aug. 6, 1969.]

JEAN B. RASMUSSEN, Plaintiff and Appellant, v. WILLIAM C. RASMUSSEN, Defendant and Respondent.

Bean & Ames and Gerald B. Ames for Plaintiff and Appellant.

Wilson, Mosher & Martin and Elton F. Martin for Defendant and Respondent.

RATTIGAN, J.—These appeals involve the enforceability, by execution upon a former husband's earnings, of the provisions of a decree of divorce ordering him to make support payments to his former wife pursuant to a property settlement agreement incorporated in the decree. We hold that, because the property settlement agreement was integrated in character as previously adjudicated in this action, the former husband's earnings are exempt from execution.

The pertinent facts and the procedural sequence below, as set forth in an agreed statement on appeal and exhibits thereto (rule 6, Cal. Rules of Court) are as follows:

The parties were married in 1943. They separated in August 1957, at which time they had two minor children. On October 2, 1957, they executed a "Property Settlement and Separation Agreement." The agreement's preamble recited among other things that they desired to live separate and apart, and that "They desire to provide herein for the settlement of their rights with respect to property, and *as an integral part of said property settlement,* to provide for the support of the wife [appellant] and for the support of . . . [the] . . . children." The agreement provided for an elaborate division of the parties' property between them, with assumption of various debts by each, and that appellant would have custody of the children. Respondent agreed to pay specified monthly sums to appellant for the support of the children, and a further sum each month for her own "support and maintenance." The latter sum was subject to formulary computation from a "base support payment" of $160 per month. The agreement provided that the "support payments" to appellant "shall terminate upon the death of the husband or upon the death or remarriage of the wife."

Appellant thereafter commenced this action. An interlocutory decree of divorce, entered in 1958, incorporated the 1957 agreement by reference and ordered its performance by the parties. A final decree of divorce was entered in 1960, incorporating the provisions of the interlocutory decree by reference. In 1963, respondent moved the trial court for an order modifying both decrees by terminating the monthly payments to appellant and reducing the payments for child support. On April 22, 1963, after a hearing, the trial court entered an order in which it found among other things ". . . [t]hat the

Property Settlement and Separation Agreement executed by the parties on October 2, 1957, and incorporated in the Interlocutory Judgment of Divorce . . . is an integrated agreement and as such not modifiable by the Court, except as to child support for the two minor children of the parties. . . ."

Neither party appealed from the order of April 22, 1963. In late 1965, respondent moved the trial court "for an order entering satisfaction of the judgment : . . or in the alternative, fixing and determining the amount" due from him to appellant "under the integrated Property Settlement Agreement incorporated in the divorce decree." According to a memorandum of his contentions filed in support of this motion, he claimed certain credits against the payments ostensibly due appellant under the agreement. At this point, it was shown that appellant had remarried in 1965. At a hearing on his motion, the parties stipulated that the effect of the remarriage was to terminate all appellant's rights to support under the property settlement agreement; the subject in dispute, therefore, was the extent of respondent's arrearages as accrued prior to the remarriage.

After reviewing the parties' differences in this regard at several hearings, the trial court entered an order on February 20, 1967, fixing respondent's accrued obligation to appellant on the basis of precise figures calculated by the court after crediting each party with various offsets. This order referred throughout to respondent's obligation to pay "alimony." Respondent made a "motion for new trial" (assertedly pursuant to Code Civ. Proc. § 657) in which he challenged the court's "alimony" nomenclature upon the ground that the order of April 22, 1963, had finally and conclusively determined that the parties' property settlement agreement was "integrated" and nonmodifiable as to the monthly payments due appellant. His motion was denied.

No appeal was taken from the order of February 20, 1967. Seeking to collect the arrearages due her as fixed by the trial court therein, appellant caused a writ of execution to issue. She had respondent's earnings garnished on March 29, 1967. Respondent filed a claim of exemption of the full amount garnished; pursuant to Code of Civil Procedure sections 690.26 and 690.11, he alleged that the entire amount was necessary for the support of his "wife, daughter and son."[1]

---

[1] Respondent thereby established, for the first time shown in the record on appeal, that he had remarried. In his brief, he alleges that the

Appellant caused his earnings to be **garnished** on four further occasions, at successive weekly intervals. Each time, and upon the same ground, respondent claimed exemption of the full amount garnished. On May 16, 1967, after a hearing, the trial court entered a "judgment of exemption" which granted respondent's claim of exemption in full as to the earnings garnished on March 29. On July 27, 1967, the court entered a similar judgment granting his claims of exemption in full as to the other four garnishments. The appeal is from both judgments.[2]

We affirm the judgments. As pertinent here, Code of Civil Procedure section 690.11 provides that one-half of a judgment debtor's earnings are exempt from execution upon the judgment, and that all thereof are exempt if they meet the standards prescribed therein and if the debtor claims the full exemption pursuant to section 690.26.[3] ■ As appellant contends, however, it is settled that section 690.11 will not

"daughter" was one of the parties' two children and that the "son" was a child of his remarriage. The record does not show these facts, but it is undisputed that he had remarried, and had a second family, when he claimed that his earnings were exempt from execution upon the judgment of divorce in this action.

[2]By separate notice of appeal filed on July 24, 1967, appellant also purportedly appealed from the trial court's written "Decision On Claim Of Exemption," a memorandum which preceded the second judgment of exemption. The "decision" was non-appealable as such, and its provisions became wholly merged in the second judgment (which we consider on the appeal therefrom). For the record, we therefore dismiss the purported appeal noticed on July 24, 1967.

[3]The relevant provisions of the Code of Civil Procedure sections here cited must be read in the context established by section 690 thereof. In their proper sequence and as pertinent, the respective sections provide as follows:

"690. The property mentioned in . . . [section 690.11] . . . is exempt from execution or attachment, except as therein otherwise specially provided, when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.26 provided.

" . . . . . . . . . .

"690.11. One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution shall be exempt from execution or attachment without filing a claim for exemption as provided in section 690.26.

"All of such earnings, if necessary for the use of the debtor's family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) incurred by such debtor, his wife or family, for the common necessaries of life; or (b) incurred for personal services rendered by any employee, or former employee, of such debtor."

Section 690.26 prescribes the procedure to be followed in claiming exemptions. For purposes of this appeal, it is undisputed that respondent followed the appropriate procedure and that, subject to the substantive question presented herein, the earnings are exempt from execution according to the standards spelled out in the second paragraph of section 690.11.

permit exemption of a judgment debtor's earnings from execution upon a judgment for alimony: i.e., a judgment for alimony is an exception to the statutory exemption of earnings from execution thereupon. (*Bruton* v. *Tearle* (1936) 7 Cal.2d 48, 57-58 [59 P.2d 953, 106 A.L.R. 580]; *McIntosh* v. *McIntosh* (1962) 209 Cal.App.2d 374, 375 [26 Cal.Rptr. 28]; *Henry* v. *Henry* (1960) 182 Cal.App.2d 707, 709-711 [6 Cal. Rptr. 418] and authorities cited. See *Weinberg* v. *Weinberg* (1967) 67 Cal.2d 557, 562-563 [63 Cal.Rptr. 13, 432 P.2d 709]; *Yager* v. *Yager* (1936) 7 Cal.2d 213, 218-221 [60 P.2d 422, 106 A.L.R. 664]; 3 Witkin, Cal. Procedure (1954) Enforcement of Judgment, § 10, pp. 1974-1975.) Accordingly, whether respondent's earnings are exempt from execution depends upon whether the delinquent support payments may properly be termed "alimony"; and this, in turn, depends upon the character of the 1957 property settlement agreement incorporated in the divorce decree.

When the parties to a divorce action have made the provision for the wife's support and maintenance "an integral part" of their property settlement (as was done here: see the agreement's prefatory sentence, quoted *supra*), the support payments have a dual character. They have "the indicia of alimony" to the extent that they are designed to discharge the obligation of support and maintenance, but to the extent that they "constitute an inseparable part of the consideration for the property settlement, they are not alimony" and cannot be modified. (*Dexter* v. *Dexter* (1954) 42 Cal.2d 36, 41 [265 P.2d 873]; *DiMarco* v. *DiMarco* (1963) 60 Cal.2d 387, 392 [33 Cal.Rptr. 610, 385 P.2d 2]; *Roberts* v. *Roberts* (1966) 241 Cal.App.2d 93, 100 [50 Cal.Rptr. 408]; *Hecht* v. *Hecht* (1968) 259 Cal.App.2d 1, 6 [67 Cal.Rptr. 293].)

In its order of April 22, 1963, the trial court determined that the 1957 property settlement agreement was "an integrated agreement and as such not modifiable by the Court" as to the support payments due appellant. This necessarily amounted to a determination that the payments constituted "an inseparable part of the consideration for the property settlement," and that they were "not alimony" under the authorities just cited. (See also *Plumer* v. *Plumer* (1957) 48 Cal.2d 820, 824-825 [313 P.2d 549].) The 1963 order having become final in due course, the issue was thereafter res judicata between the parties. (Code Civ. Proc., §§ 1908, 1911; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d

807, 813 [122 P.2d 892]; *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.* (1968) 266 Cal.App.2d 269, 275 [72 Cal.Rptr. 102]. See 3 Witkin, Cal. Procedure, *supra*, Judgment, §§ 44-45 [pp. 1926-1927], 51-52 [pp. 1936-1937], 62-65 [pp. 1947-1954].)

We are not persuaded to the contrary by appellant's arguments based upon *Roberts* v. *Roberts, supra*, 241 Cal.App.2d 93, and *Roberts* v. *Roberts* (1968) 261 Cal.App.2d 424 [68 Cal.Rptr. 59]. The *Roberts* decisions were made on successive appeals in the same divorce action. In the first one the appellate court held that a 1960 order by the trial court, refusing to modify monthly payments due the wife under a divorce decree but not determining that the underlying property settlement agreement was integrated, could not—after it had become final—be augmented by a subsequent order providing that the agreement was integrated and that the payments were not alimony. (*Roberts* v. *Roberts, supra*, 241 Cal.App.2d 93, at pp. 96-97, 100-101; see *Roberts* v. *Roberts, supra*, 261 Cal.App.2d 424 at p. 426 [summarizing the first decision].)

The second *Roberts* court, called upon to decide the still-open question of the character of the same agreement, interpreted it as providing for support and maintenance in the literal sense and not "integrated," and, accordingly, held that the husband's obligation to make the payments had not been extinguished by his discharge in bankruptcy. (*Roberts* v. *Roberts, supra*, 261 Cal.App.2d 424 at pp. 427-429.)

The 1960 order in the first *Roberts* case denied modification of the payments but did not establish that the underlying property settlement agreement was integrated. So long as the latter question remained unresolved, the order could not be "accorded res judicata effect" as to issues which depended upon the answer; the second *Roberts* decision expressly so held. (*Roberts* v. *Roberts, supra*, 261 Cal.App.2d 424 at p. 428.) In the present case, the 1963 order denying modification did not leave the question unresolved. It expressly determined that the 1957 agreement was integrated in character, and that the divorce decree was not modifiable for that reason. Since the *Roberts* action is wholly distinguishable on that basis, the 1963 order herein became res judicata on the question of the agreement's integrated character and on all issues dependent thereupon.

■ With one exception, appellant's other arguments speak to her contention that the 1957 property settlement agreement was *not* integrated in character. Since this issue

became res judicata against her when the 1963 order became final, we do not examine the other arguments. The exception is a res judicata point of her own: she argues that the February 20, 1967, order established that the monthly payments were alimony because it refers to them as such, and that their character as alimony was res judicata in her favor when she attempted to levy execution after the 1967 order had become final.

The point fails under res judicata principles. In the proceeding which produced the 1967 order, the issue before the trial court was how much respondent owed, not whether he owed alimony or something else. Consequently, the court's determination of the amount owed did not adjudicate the character of the obligation, and the order's reference to the latter as ''alimony'' did not reflect otherwise. (See *Fox* v. *Fox* (1954) 42 Cal.2d 49, 50-51 [265 P.2d 881].) The question whether the monthly payments were alimony came before the trial court when respondent sought exemption of his earnings from appellant's levy of execution. At that point, the parties were litigating an issue which had been adjudicated in 1963, not in February 1967. The principles of res judicata therefore directed the trial court's action on the basis of the 1963 order only. (Code Civ. Proc., § 1908 [a prior judgment· is conclusive between the parties or their successors ''litigating the same thing'']; *ibid.*, § 1911; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807 at p. 813; *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.,* 266 Cal.App.2d 269 at p. 275 [72 Cal. Rptr. 102].)

■ Since the trial court's 1963 order determined that the parties' property settlement agreement was integrated, and thereafter became final, it must be ''accorded res judicata effect'' (cf. *Roberts* v. *Roberts, supra,* 261 Cal.App.2d 424 at p. 428) in establishing that the monthly support payments ''. . . constitute an inseparable part of the consideration for the property settlement . . .'' and therefore are not alimony. (*Hecht* v. *Hecht, supra,* 259 Cal.App.2d 1 at p. 6, and authorities there cited.) This being so, they are not within the ''alimony exception'' to the statutory exemption of respondent's earnings from execution levied to collect them (*Bruton* v. *Tearle, supra,* 7 Cal.2d 48 at pp. 57-58; *Henry* v. *Henry, supra,* 182 Cal.App.2d 707 at pp. 709-711, and authorities cited), and his earnings are exempt under the clear mandate of Code of Civil Procedure sections 690 and 690.11. (See fn. 3,

*ante.* See also 2 California Family Lawyer (Cont. Ed. Bar 1963) § 26.20, pp. 1184-1185.)

In *Ogle* v. *Heim* (1968) 69 Cal.2d 7 [69 Cal.Rptr. 579, 442 P.2d 659], the Supreme Court affirmed an order which, in effect and pursuant to Code of Civil Procedure section 690.23, exempted a father's public-employment retirement benefits from execution levied to enforce his obligation to pay child support under a judgment of divorce. The court, distinguishing the exemption applicable to earnings under section 690.11, used this language:

"The only exemption under which dependents have been accorded special treatment [in resisting claims of exemption from execution] is section 690.11 of the Code of Civil Procedure. Section 690.11 renders one-half of a debtor's wages earned within the prior 30 days exempt, and allows total exemption 'if necessary for the *use of the debtor's family.*' (Italics added.) Claims of dependents are not barred by the exemption of section 690.11. (*Bruton* v. *Tearle,* 7 Cal.2d 48, 53 . . . ; *McIntosh* v. *McIntosh,* 209 Cal.App.2d 374 . . . ; *Henry* v. *Henry,* 182 Cal.App.2d 707 . . . ; *Rankins* v. *Rankins,* 52 Cal.App.2d 231. . . . ) The language of section 690.11 invited the creation of an exception by expressly referencing the needs of the debtor's family as a criterion for exemption. By contrast, the pension exemption statutes contain no similar criterion and refute any such exception. The peculiar development of the wage exemption is therefore inapposite, despite certain parallels between wages and pensions." (*Ogle* v. *Heim, supra,* 69 Cal.2d 7 at p. 11.)

This language does not support appellant's contention that the "earnings exemption" (or "wage exemption") should be unavailable to respondent. The decisions cited by the Supreme Court (*Bruton, McIntosh, Henry* and *Rankins*) involved the enforcement of judgments for alimony or for child support, or both. Thus, the quoted passage, referring to "dependents" whose claims for support are not subject to the earnings exemption, appears to define "dependents" as former wives receiving alimony or as the judgment debtor's children. The definition is not explicit, but we infer it because it makes sense. Children are obviously their father's "dependents"; a wife receiving alimony is her former husband's "dependent" as well, because alimony arises from his obligations to support her as imposed by the marital relationship. (*Hecht* v. *Hecht, supra,* 259 Cal.App.2d 1 at p. 6.) In the present case, appellant is not receiving alimony and no child-

support payments are involved. Appellant, therefore, cannot resist respondent's claim of exemption as his "dependent" within the *Ogle* court's meaning.

The *Ogle* decision, speaking generally to statutory exemptions from execution, also reminds ,us that " 'The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none.' [Citations.]" (*Ogle* v. *Heim, supra,* 69 Cal.2d 7 at p. 9.) Although the rule disallowing the statutory earnings exemption (Code Civ. Proc., § 690.11) from execution upon alimony judgments has already been established by judicial interpretation (*Rankins* v. *Rankins* (1942) 52 Cal.App.2d 231, 234 [126 P.2d 125]), the general rule dissuades us from extending the alimony exception in the present case.

The purported appeal noticed on July 24, 1967, is dismissed. The judgments of exemption entered on May 16, 1967, and July 27, 1967, are affirmed.

Devine, P. J., and Christian, J., concurred.