[L.A. No. 30583. June 21, 1976.]

DIANE WODICKA, Plaintiff and Appellant, v.
RICHARD WODICKA, Defendant and Respondent.

**COUNSEL**

Donald D. Paul for Plaintiff and Appellant.

Jamison, Noble & Hulse and Frank L. Jamison, Jr., for Defendant and Respondent.

**OPINION**

**SULLIVAN, J.**—Plaintiff Diane Wodicka and defendant Richard Wodicka were divorced in 1965. There were two children of this marriage, Anita, born August 12, 1948, and Kimberly, born March 22, 1956. The interlocutory judgment of divorce, entered on October 18, 1965, included a property settlement and a child support provision, wherein defendant father was ordered to pay "the sum of Seventy Dollars ($70.00) per month per child, or a total of One Hundred Forty Dollars ($140.00) per month . . . continuing until further order of the Court."[1]

Effective March 4, 1972, the California Legislature reduced the age of majority from 21 to 18 years. (Civ. Code, § 25.) On June 2, 1972, plaintiff moved for an increase in child support payments. On July 5, 1972, the

---

[1] The quoted provisions for child support were contained in the property settlement agreement which was set out in, and expressly incorporated into, the interlocutory judgment of divorce. The judgment declared that the agreement was approved and "the executory provisions thereof ordered performed."

court made an order modifying its order of October 18, 1965, and requiring defendant to pay to plaintiff for the support of Kimberly "the sum of $125.00 per month . . . until further order of the Court, or until the child reaches her majority, dies, becomes emancipated, or marries." On March 22, 1974, Kimberly became 18 years of age.

On March 13, 1974, plaintiff again moved for an increase in child support payments. Defendant opposed the motion, asserting in his response to the order to show cause that at the time of the previous order dated July 5, 1972, "Civil Code § 25 made the age of majority 18 . . . [and] at the time of said hearing . . . [the trial judge] stated that it was his intention that his order for child support would terminate when the child reached the age of 18." On April 26, 1974, the court ordered defendant to pay "for the support of the minor child of the parties the sum of $150.00 per month . . . until further order of the Court or until said child reaches the age of twenty-one (21), dies, becomes emancipated, becomes self-supporting, or marries."

On August 1, 1974, defendant moved to terminate support payments on the ground that Kimberly had become emancipated by operation of law on her 18th birthday, and as a result defendant's obligation to pay child support had terminated. Plaintiff opposed the motion on the ground that the April 26, 1974, order provided for support until Kimberly reached 21 years of age and that, no appeal having been taken from such order, it was "res judicata as to the issues raised by [defendant's] pending motion." Plaintiff further argued that Civil Code section 4704, which was to take effect January 1, 1975, specified that pre-March 4, 1972, child support orders may be amended without regard to the new age-of-majority legislation.

On August 29, 1974, the court granted defendant's motion to terminate support payments concluding that it was bound by the decision in *In re Marriage of Phillips* (1974) 39 Cal.App.3d 723 [114 Cal.Rptr. 362]. In *Phillips* the support order was to continue until each child "shall become self-supporting, emancipated, married, deceased or reaches the age of 21 years . . . ." The Court of Appeal differentiated between child support obligations expressly made terminable upon emancipation *as well as upon majority* from child support obligations made terminable *upon majority alone,* concluding that only obligations made terminable upon majority alone fell within the legislation continuing child support until the child reaches 21 years. Because the modification order involved in the instant case (i.e., the order of July 5, 1972) was similar in all relevant

respects to that before the court in *Phillips,* the trial court here concluded that termination was required. The August 29, 1974, order reads: "Although this court disagrees with *Phillips,* the OSC for termination of support is granted solely on the basis of the *Phillips* case. Child support of the child Kimberly is hereby terminated." Plaintiff appeals from this order.

Plaintiff's position is that although Civil Code section 4704[2] (which became effective after *Phillips*) does not expressly deal with the effect of the word "emancipation," the intent of the Legislature was that pre-1972 child support orders are not to be affected by the change in the age of majority. On the other hand, defendant maintains that section 4704 relates solely to the interpretation of the term "majority," and that since "emancipation" is omitted from section 4704, the Legislature has impliedly chosen to maintain emancipation as a separate and distinct terminating event in child support orders. If emancipation were not a separate and distinct event terminating support payments, defendant argues, parents obligated by pre-1972 support orders would be denied the equal protection of the laws.

We already have had occasion to discuss in detail (see *Ganschow* v. *Ganschow* (1975) 14 Cal.3d 150, 154-157 [120 Cal.Rptr. 865, 534 P.2d 705]) and deem it unnecessary to review here, the scheme of legislation enacted in conjunction with the reduction of the age of majority (Civ. Code, § 25) with particular reference to child support obligations. ▮ Suffice it to say that from the start in dealing with the reduction of the age of majority effected March 4, 1972, the Legislature manifested its intention that in orders or directions of a court affecting child support orders entered *prior* to March 4, 1972, a reference to "age of minority" or "minor" shall be deemed a reference to persons younger than *21 years* of age. As we pointed out, eventually this scheme of legislative revision culminated in the enactment of Civil Code sections 25.1 (effective Jan. 1, 1974)[3] and 4704 (effective Jan. 1, 1975; see fn. 2, *ante*).

---

[2]Section 4704 provides: "(a) Any order issued prior to March 4, 1972, providing for support for a child may be amended or modified by the court having jurisdiction to increase or decrease the amount of such award without terminating such award at the age of majority based on 18 years of age.

"(b) This section does not constitute a change in, but is declaratory of, the existing law."

[3]Section 25.1 provides: "The Legislature intends that any use of or reference to the words 'age of majority,' 'age of minority,' 'adult,' 'minor,' or words of similar intent in

In *Ganschow, supra,* we observed that the legislative intent of these various enactments was "crystal clear" and that previous decisions of the Courts of Appeal had properly reached the following conclusions: (1) Child support orders entered prior to March 4, 1972, were not affected by the new age of majority legislation per se but, where subject to amendment, could refer to the new 18-year-old age of majority in any modification; and (2) the attainment of the age of 18 years was merely a factor to be considered in modifying liability under orders entered prior to the effective date of the statutory change. We summarized the situation this way: "The overall result is the creation by section 25.1 of two classifications of child support obligations. One classification embraces those obligations based upon court orders entered prior to March 4, 1972, which orders may continue in effect until the child reaches the age of 21 years. The second classification embraces all those child support obligations not embodied in pre-March 4, 1972, orders, which obligations terminate when the child attains the age of 18 years. This second category includes the obligations of parents who remain married and whose support liability is based upon statute alone (§§ 241, 242, 243), as well as the obligations of parents based on court orders initially entered *after* March 4, 1972 (§§ 4351, 4453, 4700)." (14 Cal.3d at p. 158.)

Rejecting the constitutional challenge that this legislation violated the equal protection of the laws, we reasoned that parties entering into divorce agreements before the effective date of March 4, 1972, might have adjusted their property rights or spousal support awards in the anticipation that the obligation of child support would continue until the children of the parties reached 21 years. "With this consideration in mind, the Legislature could reasonably have intended to protect the expectations of the parties in those cases in which child support orders had already been entered by permitting such orders to remain in effect to

---

any instrument, order, transfer, or governmental communication whatsoever made in this state:

"(a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and

"(b) On or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age.

"Nothing contained herein or in Chapter 1748 of the Statutes of 1971 shall prevent the amendment of any court order, will, trust, contract, transfer, or instrument to refer to the new 18-year-old age of majority where such court order, will, trust, contract, transfer, or instrument is:

"(1) In existence on March 4, 1972; and

"(2) Subject to amendment by law and where amendment is allowable or not prohibited by the terms thereof; and

"(3) Otherwise subject to the laws of this state."

the same extent as if no statutory reduction in the age of majority had taken place." (*Ganschow, supra,* 14 Cal.3d at p. 159.)

Furthermore, in *Ganschow* we expressly disapproved the distinction relied upon by the *Phillips* court and held that "a child support order entered prior to March 4, 1972, is not affected by the new age-of-majority legislation per se but where subject to amendment may refer in any modification thereof to the new 18-year-old age of majority." (14 Cal.3d at p. 157, and fn. 7.)

Defendant insists that despite our holding in *Ganschow,* since the modification order of July 5, 1972, required support payments "until the child reaches her majority," and since at the time such order was made "age of majority" was legislatively defined as referring to persons 18 years of age and older, the provisions for Kimberly's support became subject to the new age-of-majority legislation. This argument is patently incompatible with Civil Code section 4704 and the rule of law as expressed in *Ganschow.* ▉ The interlocutory judgment of divorce which contained the original order for child support and constitutes the basis for the instant proceedings was entered in 1965 and provided for continuous support of the minor children until they reached 21 years.[4] Any subsequent modification after the change in legislation could, but was not required to, refer to the new age of majority. (See Civ. Code, § 25.1 and *Atwell* v. *Atwell* (1974) 39 Cal.App.3d 383 [114 Cal.Rptr. 324].)

Nonetheless, defendant argues that even if the modification of July 5, 1972, may not per se be read to mean "majority" as then legislatively defined, the trial judge who made the modification order intended in using the word "majority" that support payments should cease once Kimberly reached her 18th birthday. Consequently, so the argument goes, since Kimberly was already over 18 years of age when the order of April 26, 1974, was made, the court in 1974 was without jurisdiction to increase or extend support payments. As indicated earlier, this argument was raised by defendant in his response to the order to show cause

---

[1]As noted above, while the original order required support payments only "until further order of the Court," neither party here disputed that this order required payments until the children reached 21 years. Moreover, Civil Code sections 242 and 243 as then in effect imposed on parents the duty of supporting their children until 21 years. When the Wodickas entered into their agreement for child support, which was incorporated into the court's order in 1965, they necessarily must have assumed that support would continue until their minor children reached 21 years of age. Accordingly, we may treat this court order which reads "until further order of the Court" as requiring support until the children of the parties reached 21 years of age.

culminating in the order of April 26, 1974, which increased the child support payments to $150 per month. Therefore, the court, in making its order, necessarily determined the meaning of the term "majority" as used in the July 5, 1972, order. The order of April 26, 1974, provided that such increased support for Kimberly would continue ". . . until said child reaches the age of twenty-one (21) . . . ." Defendant may not raise this issue again in the instant proceedings.

■ "The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892].) ■ The same rule applies to final adjudications rendered in the course of a divorce proceeding over which a court may have continuing jurisdiction and which may require several orders for its ultimate disposition. (*Cochran* v. *Cochran* (1970) 13 Cal.App.3d 339, 343-344 [91 Cal.Rptr. 630]; *Rasmussen* v. *Rasmussen* (1969) 275 Cal.App.2d 443, 448-449 [79 Cal.Rptr. 842]; *Grant* v. *Superior Court* (1963) 214 Cal.App.2d 15, 20 [29 Cal.Rptr. 125]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 77, p. 3238; § 162, p. 3307.) For example, in *Rasmussen, supra,* the issue of whether respondent's earnings were exempt from execution to satisfy arrearages in spousal support owed his former wife depended upon whether the delinquent support payments could be termed "alimony." This determination depended upon the character of the parties' 1957 property settlement agreement and whether it was an integrated agreement so that the support payments constituted "an inseparable part of the consideration for the property settlement" and not "alimony." This issue had been litigated, however, in a proceeding brought by the former wife in 1963 seeking modification of the spousal support provisions in which proceeding it had been held that the agreement was integrated and not subject to modification. The court held that this prior adjudication precluded the parties from relitigating the issue of the character of the support payments in the proceeding to collect the arrearages; "[t]he 1963 order having become final in due course, the issue was thereafter res judicata between the parties." (275 Cal.App.2d at p. 448.)

■ In the case at bench, the issue of the intent of the court in its use of the word "majority" in the July 5, 1972, order increasing child support payments was before the court in the proceeding to increase support

payments in April 1974. The court's order that child support was to continue until Kimberly reached 21 years of age was a determination that the word "majority" in the July 5, 1972, order meant 21 years. Although the order of April 26, 1974, was appealable (Code Civ. Proc., § 904.1, subd. (b); *Noorthoek* v. *Superior Court* (1969) 269 Cal.App.2d 600, 601-602 [75 Cal.Rptr. 61]; *Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 349 [53 Cal.Rptr. 790]), defendant did not take an appeal from it. Accordingly, when the order became final, the issue of the meaning of the word "majority" in the order of July 5, 1972, became res judicata between the parties.

It is true that child support orders may be modified or revoked upon a showing of proper circumstances. (Civ. Code, §§ 4700, subd. (a), 4811, subd. (a); *Primm* v. *Primm* (1956) 46 Cal.2d 690, 694-696 [299 P.2d 231]; *Straub* v. *Straub* (1963) 213 Cal.App.2d 792, 796-799 [29 Cal.Rptr. 183].) The issue before us, however, is not whether the trial court in the exercise of its discretion terminated defendant's support obligation because of a change in Kimberly's needs or because of a change in defendant's financial ability to meet those needs. (*Straub* v. *Straub, supra,* 213 Cal.App.2d at p. 797.) The sole question we face is whether defendant's support obligation expired when Kimberly reached the age of 18 years because of the provisions in the order of July 5, 1972. The order of April 26, 1974, determined that issue and under the doctrine of res judicata, that determination is final and binding upon these parties. (*Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807; *Rasmussen* v. *Rasmussen, supra,* 275 Cal.App.2d 443.)

The order terminating child support payments is reversed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Clark, J., and Richardson, J., concurred.