Kenneth George **MORRIS** and Judy Irving Morris, Plaintiffs-Appellants,

v.

**COUNTY OF TEHAMA, et al.,** Defendants-Appellees.

No. 84-2724.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 1986.

Decided July 28, 1986.

Kenneth G. Morris, Judy I. Morris, Gerber, Cal., for plaintiffs-appellants.

Randall Wiens, Honer, Stenson, Fultz & Wiens, Sacramento, Cal., for defendants-appellees.

Before NELSON, CANBY and JOHN T. NOONAN, Jr., Circuit Judges.

NELSON, Circuit Judge:

Kenneth George Morris and Judy Irving Morris brought this action for damages against the County of Tehama and several other defendants, alleging violations of their civil rights under 42 U.S.C. § 1983, as well as defamation of character under California law. The lawsuit arises out of a criminal prosecution of the Morrises in Tehama County, California, for the cultivation of marijuana.

On September 11, 1981, Detective Stroud of the defendant Tehama County Sheriff's Department received an anonymous tip that marijuana was being cultivated behind the Morrises' residence. Officer Carlton and Detective Stroud went to the area of the residence on September 11, 1981, and from a public road some 300 feet away, observed unidentifiable plants in the Morrises' greenhouse. Later that same day, Carlton and Stroud returned to the same vantage point, and with the aid of a 20–power spotting scope, identified marijuana through a hole in the side of the greenhouse. Judge Hultgren issued a warrant authorizing a search of the Morrises' residence. Officer Cashdollar, who assisted in the execution of the warrant, allegedly misinformed the media as to the identity and value of the seized plants. The Morrises were arraigned before Judge Watkins on December 21, 1981. The charges against

them were dismissed after their motion to quash the search warrant was granted. The district attorney appealed, but then voluntarily abandoned the appeal.

The Morrises then filed complaints in both state and federal court, naming as defendants the County of Tehama, the Tehama County Sheriff's Department, Cashdollar, Stroud, Carlton, the Tehama County District Attorney's Office, District Attorney William Scott, Judge Hultgren, and Judge Watkins. Detective Stroud was not served with either complaint;[1] Officer Carlton was served with only the federal court complaint. The district court granted the defendants' motion to dismiss with respect to the Tehama County District Attorney's Office, District Attorney Scott, and Judges Hultgren and Watkins. It then stayed the federal court action after learning that the Morrises' state suit raised virtually identical issues. After resolution of the state court action, the district court set aside its stay and dismissed the remaining defendants because of the preclusive effect of the state court judgment. The Morrises timely filed a notice of appeal.[2] We affirm the dismissal as to the County of Tehama, the Tehama County Sheriff's Department, Officer Cashdollar, the Tehama County District Attorney's Office, District Attorney Scott, Judge Hultgren, and Judge Watkins. We reverse the dismissal as to Officer Carlton, and remand for further proceedings. Finally, we deny the defendants' motion for attorney's fees and costs on appeal.

## I.

### Prosecutorial and Judicial Immunity

■ A prosecutor is entitled to absolute immunity from section 1983 liability for acts "intimately associated with the judicial phase of the criminal process," *Imbler v.*

*Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), or for acts performed within the scope of her authority in her role as an advocate. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984). Here, the Morrises allege that they suffered emotional distress as a result of the district attorney's filing a notice of appeal from the dismissal of the Morrises' criminal charges. Yet such an appeal is specifically authorized by Cal.Pen.Code § 1238(a)(7). Therefore, the district court properly dismissed the Tehama County District Attorney's Office and District Attorney William Scott for failure to state a claim.

■ Judges are absolutely immune from section 1983 liability for all acts performed within their subject matter jurisdiction, even if the acts are malicious. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). Here, the Morrises apparently focus on Judge Hultgren's issuance of the search warrant and their arraignment before Judge Watkins. Yet they do not allege (and neither does the record reflect) that Judge Watkins lacked jurisdiction to arraign them or that Judge Hultgren lacked jurisdiction to issue the warrant. Accordingly, the district court also properly dismissed these defendants for failure to state a claim.

## II.

### Preclusive Effect of State Court Judgment

Pursuant to 28 U.S.C. § 1738, state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." *See also Migra v.*

---

1. Because Stroud was not served with a copy of the federal complaint, we need not engage in a discussion of his liability.

2. The notice of appeal indicates that the Morrises would seek reversal of the court's final order of dismissal, and makes no mention of the court's earlier order dismissing several defend-

ants. Both parties appear to construe the notice as covering the dismissal of all the defendants. Mindful that the Morrises are pro se litigants, we also adopt that construction. *Cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (construing liberally the allegations of pro se complaint).

*Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) ·(federal court must give state court judgment same full faith and credit as it would receive in courts of state where judgment was entered). Thus, we rely upon California law to determine the preclusive effect of the Morrises' state court suit, and review the district court's construction of that law *de novo.* See *Clark v. Yosemite Community College District,* 785 F.2d 781, 784 (9th Cir.1986).

## A. 42 U.S.C. § 1983

■ The California ruling to which the district court here accorded a preclusive effect was a Superior Court judgment on the pleadings, later affirmed by the Court of Appeal. Under California law, such a judgment, rendered on substantive grounds, bars the plaintiff from bringing a subsequent proceeding on the same facts against the same parties.[3] Here, the state court's dismissal of the County of Tehama, the Tehama County Sheriff's Department, and Officer Cashdollar was a judgment on the merits. Thus, the district court's dis-

missal of those same defendants was proper.

Although Officer Carlton was named in the state court action, the Morrises failed to serve him with process. Thus, he was not a party to the state court judgment.[4] Nevertheless, he might assert here a defense of collateral estoppel against the Morrises if the state court judgment necessarily disposed of the issues upon which his section 1983 liability is predicated. See *Bernhard v. Bank of American National Trust & Savings Ass'n,* 19 Cal.2d 807, 813, 122 P.2d 892 (1942) (striking down requirement of mutuality of estoppel). Accordingly, we must determine whether the state court's finding of immunity for Cashdollar necessarily embraces an implicit finding of immunity for Carlton. See *Wodicka v. Wodicka,* 17 Cal.3d 181, 188–89, 130 Cal. Rptr. 515, 550 P.2d 1051 (1976) (giving conclusive effect not only to matters appearing to have been determined on the face of the judgment, but also to those matters determined by necessary implication).[5]

---

**3.** A judgment on the pleadings has the same collateral effect as a judgment sustaining a demurrer. See *Colberg, Inc. v. State,* 67 Cal.2d 408, 411–12, 62 Cal.Rptr. 401, 432 P.2d 3 (1967), *cert. denied,* 390 U.S. 949, 88 S.Ct. 1037, 19 L.Ed.2d 1139 (1968); *Crain v. Electronic Memories and Magnetics Corp.,* 50 Cal.App.3d 509, 512, 123 Cal.Rptr. 419 (1975); *see also* 40 Cal. Jur.3d, Judgments § 246 at 672 (1978) ("The rules governing a judgment on the pleadings, with respect to its conclusiveness in subsequent proceedings, are the same as those applied to a judgment on demurrer."). And a judgment sustaining a demurrer will operate as a bar to a subsequent action if the new complaint states the same facts, and the sustention is based on substantive grounds·rather than on formal matters of pleading. See *Goddard v. Security Title Insurance & Guarantee Co.,* 14 Cal.2d 47, 52, 92 P.2d 804 (1939).

**4.** California law does not require a plaintiff to join separate causes of action in one lawsuit, even when they arise out of the same transaction. *Stanson v. Mott,* 17 Cal.3d 206, 212, 130 Cal.Rptr. 697, 551 P.2d 1 (1976). Accordingly, a judgment obtained in an action against one of a number of joint and several obligors does not bar an action against the remaining such obligors. See *Williams v. Reed,* 113 Cal.App.2d 195, 204, 248 P.2d 147 (1952).

**5.** In assessing the liability of Officer Cashdollar, the California Court of Appeal explicitly discussed Officer Carlton's participation in the pre-·warrant search and noted his "subjective" good faith:

> In order to support recovery under section 1983 it must be shown that the officers acted in bad faith.... Plaintiffs have not alleged that the officers acted in bad faith and the exhibits they incorporated into their complaint dispel such a possibility. Carlton and Stroud made their observations with a spotting scope in the belief that the law permitted them to do so. Carlton then made a full and fair disclosure of all of the circumstances surrounding the observation in his affidavit in support of the issuance of a search warrant.

The court did not touch upon Carlton's "objective" good faith—i.e., whether he was reasonable in believing that the law permitted him to conduct the pre-warrant search. That Carlton may have *believed* his conduct to be lawful does not, by itself, shield him from liability. His belief must have been objectively reasonable. See *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); *see also Albers v. Whitley,* 743 F.2d 1372, 1376 (9th Cir.1984) (describing the standard for immunity as "objective"), *rev'd on other grounds,* ── U.S. ──, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Nevertheless, if the state court judg-

A police officer is shielded from liability for civil damages if his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The assertion of liability against Cashdollar was based upon his execution of the warrant. Cashdollar was not involved in securing the warrant. He neither participated in the pre-warrant search nor appeared before the issuing judge. Carlton argues that Cashdollar's immunity nevertheless must have been predicated upon a finding that the pre-warrant search did not "violate[ ] a clearly established ... right[ ] of which a reasonable person would have known." If that is so, then Carlton may assert the doctrine of collateral estoppel in connection with his plea of immunity.

■ Thus, the question we must address is whether Cashdollar might have been entitled to immunity even if the pre-warrant search *did* "violate[ ] a clearly established ... right[ ] of which a reasonable person would have known." Suppose that Cashdollar had assumed the validity of the warrant obtained by his fellow officers and failed to inquire into the circumstances by which the warrant was secured. Could he, on that basis, assert a defense of immunity? In *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306 (1971), the Supreme Court noted that a police officer called upon to execute an arrest warrant is entitled to assume that the warrant was validly obtained. We similarly conclude that for purposes of section 1983 immunity, an officer is entitled to assume the validity of a *search* warrant secured by fellow officers. Cashdollar's immunity need not have

been predicated upon anything more than his reasonable ignorance of the circumstances by which the warrant was secured. Accordingly, the state court's dismissal of Cashdollar did not necessarily embrace a finding of immunity for Carlton, and the district court's dismissal of Carlton on collateral estoppel grounds was improper.

Because the district court is more familiar with the record and is in a better position to make any findings that may be necessary to supplement the · record, we think it appropriate to defer the question of whether Carlton is immune. *See Harlow,* 457 U.S. at 819–20, 102 S.Ct. at 2738–39.[6] Therefore, we remand for further proceedings in the district court.

### B. Defamation

■ The record reflects that the Morrises' defamation claim was fully adjudicated in state court. Accordingly, they are precluded from relitigating the claim in federal court. *See In re Marriage of Modnick,* 33 Cal.3d 897, 904 n. 6, 191 Cal.Rptr. 629, 663 P.2d 187 (1983) (where issue decided in prior adjudication identical with the one presented in action in question, plea of res judicata may be asserted against party to previous adjudication) (citing *Bernhard v. Bank of America,* 19 Cal.2d at 813, 122 P.2d 892)).

### III.

### Attorney's Fees and Costs

We deny the defendants' motion for attorney's fees and costs. The Morrises have succeeded in reversing the district court's decision as to Officer Carlton. With respect to the other defendants, this court is reluctant to impose penalties on pro se litigants who act in apparent good faith. *Wood v. McEwen,* 644 F.2d 797, 802 (9th

---

ment rested, by necessary implication, upon a finding of immunity for Carlton, then the Morrises are barred from relitigating the matter. *See Wodicka v. Wodicka,* 17 Cal.3d at 188–89, 130 Cal.Rptr. 515, 550 P.2d 1051; *see also* 40 Cal.Jur.Judgments, § 248 (citing *Thompson v. McKay,* 41 Cal. 221, 227 (1871); *Garcia v. Garcia,* 148 Cal.App.2d 147, 306 P.2d 80 (1957)).

**6.** Further, because Carlton's motion to dismiss rested exclusively upon the preclusive effects of the state court judgment, he has not yet raised immunity as an affirmative defense. *Cf. Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980) (qualified or "good faith" immunity an affirmative defense which must be pleaded by the defendant official).

Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982).

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.