1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leroy David BRANT, Doris Marie Brant, Dennis V. Brant and
Timothy Lee Brant, a minor, by and through his
Guardian ad Litem Doris Marie Brant,
Plaintiffs-Appellants,
v.
COUNTY OF STANISLAUS, City of Modesto; Burl Condit,
individually and in his capacity as a police officer for the
City of Modesto and Tim David, individually and as a police
officer for the City of Modesto, Defendants-Appellees.
 No. 91-16916.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided July 29, 1993.
 
 Before FERGUSON, CANBY and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leroy David Brant, Doris Marie Brant, and their sons Dennis and Timothy ("the Brants") appeal the district court's grant of summary judgment in favor of Stanislaus County, the City of Modesto, and two County and City police officers, Burl Condit and Tim David. The Brants' complaint alleged violations of their federal constitutional rights under 42 U.S.C. Sec. 1983 and various tort claims under California law. We affirm.
 
 FACTS & PROCEDURAL BACKGROUND
 
 3
 On February 16, 1989, federal and state law enforcement officials executed federal search warrants at the Brants' home in Oakdale, California, and at eleven other locations in the area. These searches were aimed at gathering information regarding David Paul Mantarro, who lived in the vicinity and was suspected of drug trafficking. The search warrant for the Brants' home was issued by a United States Magistrate and was based on alleged violations of federal law. The search was led by federal agents, but county and city officials also participated.
 
 
 4
 The Brants originally filed this action in California state court and named as defendants the United States and various federal agents, as well as the City of Modesto ("City"), County of Stanislaus ("County"), and Officers Condit and David (collectively "the county defendants"). The defendants removed the case to federal court, and all claims against the federal defendants subsequently were dismissed on procedural grounds. In June 1991, the district court granted the county defendants' motion for summary judgment. The Brants filed a timely motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e), which the district court denied. This appeal followed.
 
 ANALYSIS
 A. State Law Tort Claims
 
 5
 The Brants contend that the district court erred by granting summary judgment on their state law claims for (1) false arrest and imprisonment, (2) assault and battery, (3) intentional infliction of emotional distress, and (4) negligence. We review de novo the district court's grant of summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there is any genuine issue of material fact and whether the substantive law was correctly applied. Id. (citations omitted). To withstand a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Having reviewed the record, we conclude that the district court correctly granted summary judgment because the Brants failed to present sufficient evidence to connect the county defendants to the allegedly tortious conduct committed during the search of their home.
 
 1. False Arrest & Imprisonment
 
 6
 The Brants allege that Doris, Timothy, and Dennis Brant were falsely arrested and imprisoned because they were handcuffed and forced to lie on the floor for several hours.
 
 
 7
 Under California law, "[f]alse imprisonment is the unlawful violation of the personal liberty of another." Cal.Penal Code Sec. 236 (West 1988). "The tort requires direct restraint of the person for some appreciable length of time, however short, compelling him to stay or go somewhere against his will." 5 B.E. Witkin, Summary of California Law Sec. 378, at 463 (9th ed. 1988) (emphasis in original) (citations omitted).
 
 
 8
 It is undisputed that Mrs. Brant and her children were handcuffed shortly after the agents entered their home to conduct the search. In their deposition testimony, however, they were not able to identify the agents who handcuffed them. Timothy stated that he thought that the officer was called "Deputy Carter or Sheriff Carter," but he did not know whether Carter was a federal or state officer. Moreover, it is undisputed that Officer Condit did not arrive at the Brants' home until several hours after the search began, and he was not present when the Brants were handcuffed. In her deposition, Mrs. Brant testified that Condit arrived "after they'd already uncuffed us and we were sitting on the front porch." Officer David stated that he did not handcuff or otherwise detain anyone; his primary role during the search was to take photographs and he spent much of his time outside the house. David did not see who handcuffed the two boys; however, he saw federal DEA Agent Perez handcuff Mrs. Brant.
 
 
 9
 The Brants argue that the facts that Officer David was present when they were handcuffed, and that he was a member of the search team, are sufficient to preclude summary judgment in his favor. This argument fails; the tort of false imprisonment requires direct restraint by the defendant. See Witkin, supra, Sec. 378, at 463. The Brants presented no evidence that Officer David directly restrained them. The Brants also argue that Officer Condit is liable for false arrest and imprisonment because he was the lieutenant in charge of the Stanislaus County Drug Enforcement Agency ("SDEA"). In his declaration in support of the motion for summary judgment, Condit stated that:
 
 
 10
 The search of the Brants' property was conducted as part of the federal investigation and neither myself, SDEA, City of Modesto, County of Stanislaus, or Officer David had any independent information concerning the Brants' involvement. We relied in good faith upon the fact that the federal agents had developed information to support the issuance of a search warrant and that information had been found to be legally sufficient upon review by a U.S. attorney and issuance by a federal magistrate. Neither myself nor any of my agents have any information whatsoever of the existence of any false, intentionally misleading or negligent information upon which the warrant was issued or saw the affidavit in support of the warrant.
 
 
 11
 The Brants assert that Condit's failure to investigate independently the information supporting the search warrant for their home makes him responsible for the restraint imposed upon them by the officers who served the warrant. This argument is wholly without merit; Condit's failure to investigate the federal agents' actions in obtaining the search warrant cannot be equated with the "direct restraint" necessary to impose liability on him for false arrest or imprisonment.
 
 2. Assault and Battery
 
 12
 The Brants contend that the county defendants committed assault and battery by breaking into their home, pointing guns at them, handcuffing them, pushing them to the ground, and arresting them.
 
 
 13
 Under California law, assault and battery are both torts and crimes, and their elements are defined by statute. Witkin, supra, Sec. 346. "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal.Penal Code Sec. 240 (West 1988). "A battery is any willful and unlawful use of force or violence upon the person of another." Cal.Penal Code Sec. 242 (West 1988).
 
 
 14
 The Brants' assault and battery claims suffer from the same deficiency as their false imprisonment claim; the Brants failed to present any specific facts to show that Condit or David personally committed any tortious acts. Indeed, in her deposition, Mrs. Brant stated that neither David nor Condit physically or verbally abused her.
 
 
 15
 3. Intentional Infliction of Emotional Distress
 
 
 16
 The Brants next assert that the county defendants are liable for intentional infliction of emotional distress.
 
 
 17
 Under California law, a person may be liable for damages for intentionally or recklessly engaging in outrageous conduct that causes severe emotional distress to another. Witkin, supra, Secs. 404-406 (defining the elements of the tort).
 
 
 18
 The Brants argue that Condit's failure to investigate independently the basis for the federal search warrant, and his failure to inform the federal agents that he did not know anything about the Brants or their alleged criminal activity, caused the agents who conducted the search to use excessive force, and thereby caused the Brants to suffer emotional distress. These allegations are insufficient to withstand the defendants' summary judgment motion. The Brants did not present any specific facts showing that Condit or David engaged in intentional or reckless conduct that caused the Brants to suffer severe emotional distress.
 
 4. Negligence
 
 19
 The Brants reiterate the argument they made to support their emotional distress claim. This argument, again, is meritless. The county defendants agreed to assist federal agents who were serving a warrant that had been issued by a United States Magistrate. The Brants cite no authority to support their argument that the county defendants had a duty to investigate independently the facts supporting the federal warrant and, in effect, to second-guess the determination of the federal magistrate. We conclude that the district court properly granted summary judgment on this claim.
 
 B. Section 1983 Claims
 1. Color of State Law
 
 20
 The Brants contend that the district court erred by ruling that Officers Condit and David were not acting under color of state law when they participated in the search. We agree.
 
 
 21
 The district court found that Condit and David were not acting under color of state law because:
 
 
 22
 The obtaining, issuance, and execution of the search warrants was pursuant to federal law. The investigation that led to the warrants was conducted by both state and federal agents, but was controlled by the DEA. The facts asserted by plaintiffs in support of their position merely demonstrates that defendant Condit was in charge of his own personnel, not that he or the SDEA played a controlling role in the execution of the warrants.
 
 
 23
 The district court erred by focusing on the authority pursuant to which the warrant was obtained; the issue here is the authority under which Condit and David acted when they participated in executing the warrant. See Tongol v. Usery, 601 F.2d 1091, 1097 (9th Cir.1979) ("the relevant inquiry focuses not on whose law is being implemented, but rather on whether the authority of the state was exerted in enforcing the law"). Condit and David participated in the search only because they were state law enforcement officers; they possessed the authority to participate by virtue of state law. See West v. Atkins, 487 U.S. 42, 49 (1988) ("[t]he traditional definition of acting under color of state law requires that the defendant in a Sec. 1983 action have exercised power possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law") (quotation omitted). Accordingly, Condit and David acted under color of state law within the meaning of section 1983.[1]
 
 2. Evidence of Constitutional Violations
 
 24
 Nevertheless, the district court did not err by granting summary judgment because, even though Condit and David were acting under color of state law, there was no evidence that they committed any violations of the Brants' constitutional rights.
 
 
 25
 The Brants argue that Condit and David violated their constitutional rights because (1) the search warrant was not based on probable cause; (2) Condit and David had no knowledge of any facts underlying the warrant; and (3) they did not conduct an independent investigation of the Brants. These assertions do not establish that Condit or David violated the Brants' constitutional rights. Federal officials obtained the search warrant from a federal magistrate; Condit and David were entitled to assume that the warrant was valid. See Morris v. Tehama County, 795 F.2d 791, 795 (9th Cir.1986) ("for purposes of section 1983 immunity, an officer is entitled to assume the validity of a search warrant secured by fellow officers[; ...] immunity need not have been predicated upon anything more than his reasonable ignorance of the circumstances by which the warrant was secured") (emphasis in original); accord Ortiz v. Van Auken, 887 F.2d 1366, 1368-70 (9th Cir.1989).
 
 
 26
 The Brants argue, however, that Condit and David are liable for the manner in which the warrant was executed. This argument fails. The Brants are correct that "[o]fficers may face Sec. 1983 liability for executing a warrant in an unreasonable manner." See Bergquist v. County of Cochise, 806 F.2d 1364, 1369 (9th Cir.1986). Nevertheless, as we have discussed, the Brants have failed to provide specific facts to show that Condit, David, or any other City or County officer acted in an unreasonable manner in executing the search warrant. The Brants complain that they were needlessly handcuffed, and that some of the searchers used excessive force and profane language. They presented no evidence, however, that either Condit or David committed any of these offensive acts. That the federal agents leading the search appear to have acted unreasonably does not provide a basis for imposing liability on the county defendants.
 
 
 27
 3. Municipal Liability--Custom or Policy Requirement
 
 
 28
 The Brants argue that the City and County should be held liable because the agents who searched their home acted pursuant to an unconstitutional municipal policy or custom. We reject this argument.
 
 
 29
 The touchstone of a section 1983 action against a local government body is an allegation that official policy or custom is responsible for the deprivation of the plaintiffs' constitutional rights. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Moreover, "municipal liability under Sec. 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnatti, 475 U.S. 469, 483-84 (1986).
 
 
 30
 In their attempt to demonstrate municipal liability, the Brants rely primarily on Condit's deposition testimony that, when executing search warrants in drug cases:
 
 
 31
 standard operating procedure was that they [SDEA officers] had their weapons displayed and they used their weapons to take control of the situation. When they perceived that there's no longer any danger, they're going to do whatever they have to do next to make sure that they're secure. Which would probably mean that they're going to handcuff the person, they're going to search the couch or the chair that this person is going to be seated in, and once that [sic] they feel that this area around that person is safe, then they're going to place that person there still handcuffed and they'll remain handcuffed until the officers decide at sometime later, maybe a half hour, maybe it's five minutes, maybe it's five hours, that the person is no longer going to be a threat to them and they can take the handcuffs off.
 
 
 32
 The Brants have failed to demonstrate that this operating procedure is unconstitutional. More important, the Brants have not shown that any City or County official acting pursuant to this policy committed a violation of their constitutional rights. Nor have they shown that the constitutional violations allegedly committed by the federal agents resulted from the SDEA's "standard operating procedure." Indeed, Condit testified that the team that searched the Brants' home was led by a federal agent, and that each team was responsible for devising its own search tactics. Accordingly, the City and County cannot be held liable under section 1983.
 
 C. Denial of the Rule 59(e) Motion
 
 33
 Finally, the Brants argue that the district court erred by denying their motion to amend the judgment. The record shows that the district court held a hearing on the Brants' Rule 59(e) motion and thoroughly considered each of their contentions. The Brants have not demonstrated that the district court abused its discretion by denying the motion. See Hard v. Burlington N. R.R., 812 F.2d 482, 483 (9th Cir.1987) (district court's decision concerning a Rule 59(e) motion is reviewed only for an abuse of discretion).
 
 
 34
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The district court's reliance on Askew v. Bloemker, 548 F.2d 673 (7th Cir.1976) was misplaced. In Askew, all ten of the defendants were "assigned on a full-time basis to DALE, a federal agency." Id. at 677. The Seventh Circuit rejected the plaintiffs' attempt to state a section 1983 claim against these federal agents because three of them were employees of the St. Louis Police Department on assignment to DALE. Id. The Seventh Circuit further held that the plaintiffs could not "bootstrap" a section 1983 claim against the defendants because of the presence of a "handful" of state law enforcement officers at the scene of the search. Id. These state officers, who served only in a back-up capacity, were not named as defendants. Id
 Here, in contrast, it is undisputed that Condit and David were state officials; they had not been assigned to any federal agency for purposes of executing the search warrant. The mere facts that the warrant was issued under federal law, and that federal agents led the search of the Brants' home, do not transform Condit and David into federal agents.