76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Duff FIRGENS; Jolene L. Firgens, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY; Does, 1-10,
Defendants-Appellees.
 No. 94-56614.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald and Jolene Firgens, former owners of a costume jewelry business, appeal pro se the district court's summary judgment for State Farm Fire and Casualty Company ("State Farm") in their diversity action alleging bad faith denial of coverage for their business losses, misrepresentation, and intentional and negligent infliction of emotional distress. The Firgenses contend that the district court erred by: (1) applying res judicata from the Firgenses' prior litigation against State Farm; (2) concluding that State Farm's insurance policy did not cover the Firgenses' business losses and litigation costs; (3) failing to find a cause of action for bad faith given State Farm's delayed denial of insurance coverage; and (4) granting summary judgment before the Firgenses had an opportunity to conduct adequate discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291[1] and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. See Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). Summary judgment should be granted if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We review de novo a district court's determination regarding the application of res judicata. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 A. Res Judicata
 
 4
 In an earlier action in California Superior Court, the Firgenses sued State Farm for breach of an insurance contract, bad faith, negligent infliction of emotional distress, and damages and declaratory relief based on State Farm's denial of coverage for their business losses and litigation expenses against a former business partner. State Farm filed a general demurrer to the Firgenses' complaint, the court sustained the general demurrer without leave to amend and entered judgment in favor of State Farm.
 
 
 5
 The Firgenses contend that the district court erred by granting preclusive effect to the earlier court judgment because: (1) the court sustained the demurrer on a technical basis without allowing the Firgenses an opportunity to amend their complaint; and (2) they were not afforded adequate due process.[2]
 
 
 6
 In support of their summary judgment motion, State Farm submitted their notice in the previous state court action, demurring to the Firgenses' complaint on substantive grounds, and the superior court's order sustaining the demurrer without leave to amend. The Firgenses failed to present any evidence in support of their contentions that the demurrer was sustained on technical grounds rather than on the merits, or that they were denied due process.
 
 
 7
 Because the Firgenses failed to present any evidence to support their contention that the demurrer should not be given preclusive effect, the district court did not err by applying res judicata based on the order sustaining State Farm's demurrer. See Morris v. Tehama County, 795 F.2d 791, 794 n. 3 (9th Cir.1986) (citing Goddard v. Security Title Ins. & Guarantee Co., 14 Cal.2d 47, 52 (1939) (holding that a judgment given after sustaining a general demurrer on grounds of substance, rather than on formal or technical defects, is a judgment on the merits and has a res judicata effect)).
 
 B. Insurance Coverage
 
 8
 Because the Firgenses raised the same claim for declaratory relief for benefits under their insurance policy in their earlier state court action, the district court correctly found the claim for coverage barred by res judicata. See Palomar, 989 F.2d at 364.
 
 C. Bad Faith
 
 9
 The Firgenses contend that, even if their insurance policy did not cover the losses incurred, the district court erred by dismissing their bad faith claim because State Farm's delay in the adjudication of their claim for benefits was unreasonable.
 
 
 10
 Generally, a bad faith claim for breach of the covenant of good faith and fair dealing fails where there is no right to benefits under the policy. See Murray v. State Farm Fire & Casualty Co., 268 Cal.Rptr. 33, 37 (Cal.Ct.App.1990). Liability could lie, however, if a claimant shows that an insurance company unreasonably delayed performing an investigation of a claim before concluding lack of coverage, and the insured suffered consequential losses directly attributable to that delay. See id. at n. 5.
 
 
 11
 Here, the Firgenses claimed that State Farm's approximately eight-month delay in adjudication of their claim caused them significant losses because the Firgenses could not pursue other legal action against a former business partner without State Farm's coverage of the litigation costs. Because there was no coverage under the policy for the litigation expenses incurred, however, the district court correctly found that the Firgenses did not show any harm resulting from State Farm's delay. See Allstate Ins. Co. v. Salahutdin, 815 F.Supp. 1309, 1313 (N.D.Cal.1992) (holding that insurer's delay of over five months did not give rise to bad faith liability).
 
 D. Discovery
 
 12
 We review a district court's orders regarding discovery for abuse of discretion. Barona Group of the Capitan Grande Band of Mission Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1399-1400 (9th Cir.1987), cert. dismissed, 487 U.S. 1247 (1988). Where a plaintiff believes additional discovery is necessary to respond adequately to a motion for summary judgment, the plaintiff must file an affidavit specifying what information may be obtained through discovery and explaining how this additional information would create a genuine issue of material fact. See id. at 1400; Fed.R.Civ.P. 56(f).
 
 
 13
 The Firgenses did not file a motion for additional discovery and an accompanying affidavit as required by Federal Rule of Civil Procedure 56(f). See Barona Group, 840 F.2d at 1400; see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (stating that pro se litigants are held to same procedural rules as litigants represented by counsel). Moreover, the Firgenses did not explain how additional discovery would create a genuine issue of material fact precluding summary judgment. See Barona Group, 840 F.2d at 1400. Accordingly, the district court did not abuse its discretion by granting State Farm's summary judgment motion after six weeks of discovery.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record does not indicate the entry of a separate judgment as required by Fed.R.Civ.P. 58 and 79(a). The existence of a properly entered separate judgment, however, is not always a prerequisite to appellate jurisdiction. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978); Allah v. Superior Court, 871 F.2d 887, 890 n. 1 (9th Cir.1989). Because the parties did not object to the absence of a separate judgment, the requirement is waived. See Allah, 871 F.2d at 890 n. 1
 
 
 [2]
 The Firgenses contend that they were not afforded a full and fair opportunity to litigate their claims against State Farm because: (1) they did not orally present their claim before the magistrate judge; (2) they did not attend the hearing on State Farm's demurrer; and (3) the superior court did not examine the record before sustaining State Farm's demurrer