Filed 3/20/13  Solis v. Griego CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DANIEL SOLIS,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>MARY (SOLIS) GRIEGO,<br><br>  Defendant and Respondent.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES OF KINGS COUNTY,<br><br>  Intervenor and Respondent. | F064554<br><br>(Super. Ct. No. 95C2003)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Jeremias F. DeMelo, Jr., Commissioner.

Daniel Solis, in propria persona, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez and Mary Dahlberg, Deputy Attorneys General, for Intervenor and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Gomes, J. and Franson, J.

Daniel Solis appeals, in propria persona, from an order that established his child support arrears and ordered a monthly payment toward those arrears. He contends: (1) the trial court erred in refusing to consider evidence regarding circumstances prior to June 1996; (2) the trial court erred by ordering payment toward the arrears of $77 per month; and (3) the Kings County Department of Child Support Services (Department) did not have authority to send a notice to withhold income directly to the Social Security Administration (SSA) without a court order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Solis and respondent Mary Griego have two children, Daniel Jr., born August 22, 1977, and Victorio, born May 28, 1979. A dissolution judgment was filed on August 6, 1982, ordering Solis to pay child support to Griego. On May 16, 1996, an uncontested hearing was held in Kings County Superior Court with respect to child support. On June 17, 1996, the court issued an order which modified the child support order by reducing the amount of monthly support paid, set Solis's child support arrears at $15,763.75 as of March 31, 1996, and ordered him to pay $150 per month towards the arrears. Solis was notified of the amount of the arrears prior to the court hearing. The order also states "a wage and earnings assignment shall issue."

On September 15, 2011, Solis filed a request for a hearing regarding an earnings assignment in propria persona, in which he requested the earnings assignment be modified because child support had terminated when his sons turned 18 in August 1995 and May 1997, and the monthly arrearage payment stated in the earnings assignment created an undue hardship. Solis asserted that his social security income of $1,198 per month was less than his expenditures; that from June 2006 to August 2009, he tried to obtain work but had difficulty maintaining a job due to his "debilitating medical conditions" for which he was receiving medical treatment, and he was unable to do any type of meaningful work; the recent income withholding asked that his garnishment from his SSA benefit increase from $77 per month to $157 per month; and the increase would

2.

make his situation worse, as he was already living below the poverty level. He also submitted an income and expense declaration, in which he stated he was 67 years old, he was receiving social security retirement benefits of $1,198 per month, and his monthly expenses were $1,335.16.

At the November 14, 2011 hearing, Solis requested a contested hearing on the issue of whether his payments should be suspended totally because Griego and his sons had received "SSI" benefits. The court ordered the repayment plan remain at $77 per month, based on Solis's age and expenses. The court set a contested hearing on the amount Solis owed for January 17, 2012, and ordered Solis to submit a declaration by December 31, 2011. The court explained to Solis that it would be reviewing the amount of the arrearage owed and whether anything needed to be credited toward any arrearage from October 1, 2011, but it would not go back 20 years if Solis had been paying the $77 and never complained, and would not consider evidence that had nothing to do with what Solis owed.

On December 28, 2011, Solis filed a declaration with attachments.[1] In his declaration, Solis related events that occurred before the June 1996 order on arrears, and attached documents relating to the dissolution judgment, child support orders and the 1996 calculation of arrears. Solis asserted that Griego was not entitled to any further reimbursement from his benefits because she did not provide financially for the boys and the unique circumstances of his case, including the withholding of large portions of his child support payments by the Kings County district attorney from August 1982 to December 1994, caused inaccuracies in the audit. He asked the court to exercise its equitable powers and "expunge[]" all the money he purportedly owed.

---

[1] On September 10, 2012, Solis filed a motion to augment the record to include a legible copy of his December 28, 2011 declaration, as the copy in the clerk's transcript is illegible. By an October 1, 2012 order, we deferred ruling on the motion, which we now grant.

3.

The Department filed a responsive declaration on January 17, 2012, stating that as of December 31, 2011, Solis owed child support arrears of $33,963.60, and requesting he be ordered to pay $100 per month toward the arrears. Attached to the declaration was an audit report which listed by month the charges, amounts paid, principal and interest on Solis's child support obligation from April 1996, when the principal due was $15,528.90, through January 2012. The declaration and report were served on Solis by mail on January 13, 2012.

At the January 17 hearing, at which Solis appeared telephonically, the court stated it had read Solis's declaration, which addressed periods prior to the June 1996 order that set the arrears at $15,763.75, and explained that those portions of the declaration were "not available to heard" that day because the 1996 order was final and could not be contested. The court further explained it did not see anything in the declaration that addressed periods subsequent to the 1996 order that would cause the arrears calculation to be incorrect, which states that the amount of principal owed was $15,303.40, on which $27,000 in interest had accumulated, making the balance due $33,886.60. Solis responded that he is not an attorney, he did not know what his appeals rights were in 1996 or how the arrears balance was calculated, and he was too disabled to assert his rights at that time.

While Solis stated he had not received the Department's responsive declaration, the court confirmed with Solis that he had a copy of the Department's accounting, which the court explained to Solis was the only information contained in the Department's declaration, and discussed it with him. The court then addressed the amount being withheld towards the arrears and asked Solis what he could afford to pay. Solis responded that he could not afford to pay anything, which is why his income and expense declaration showed his expenses to be higher than his income. The court found the calculation the Department provided was supported by the June 1996 finding on what the arrears amount was effective March 31, 1996; the printout from the Department showed

4.

support was reduced from $350 to $278, and beginning January 1, 1998, child support ended; and the total amount due as of December 31, 2011 was $33,886.60, which continued to bear interest at the rate of 10 percent per year. The court considered Solis's income, that interest on the arrears of $33,886.60 would be $282 per month and a payment order covering the interest would place him below the poverty level. The court ordered continuation of $77 per month by wage withholding, as his remaining income would leave him above the poverty level, and set arrears of $33,886.60 as of December 31, 2011.

## DISCUSSION

### *The June 1996 Order*

Solis contends there is no evidence to support the trial court's determination that a June 1996 order was issued that set arrears at $15,763.75. He asserts the only evidence the Department submitted in opposition to his motion was the report attached to its responsive declaration, which is incomplete because it begins in April 1996 instead of May 1982, when the divorce proceeding began. He reasons that since the report is flawed, it is not sufficient evidence to support the trial court's determination of the amount of arrears and its order to pay $77 toward the arrears.

At the hearing, the trial court referenced the June 1996 order of Commissioner James LaPorte in the case file that set the arrears at $15,763.75 as of March 31, 1996. A trial court is bound to take judicial notice of its own records in the same action. (*Dillard v. McKnight* (1949) 34 Cal.2d 209, 218; see Evid. Code, § 452, subd. (d).) As the 1996 order was part of the case file, it was properly before the court and considered by it, and the Department did not need to supply a copy of it with its responsive declaration. The 1996 order provided evidence of the arrears owed as of March 31, 1996, which the Department properly could use as a starting point for determining the arrears balance as of December 31, 2011, in the current proceeding.

5.

The June 17, 1996 order shows that, in addition to ordering Solis to pay $350 per month to support Victorio beginning June 1, 1996, the court ordered that Solis owed child support arrears as of March 31, 1996 of $15,763.75, payable at $150 per month. This final order is conclusive as to Solis's arrears balance as of March 31, 1996. (See, Code of Civ. Proc., § 1908, subd. (a)(2); *Wodicka v. Wodicka* (1976) 17 Cal.3d 181, 188-189 (*Wodicka*).) While Solis asserts the arrearage determination was an incidental issue to the modification of child support, the June 17, 1996 "Order After Hearing" shows it was not, as the court issued an order after an uncontested hearing on May 16, 1996, setting arrears as of March 31, 1996 at $15,763.75. For this same reason, Solis's contention that there was never a judicial determination of arrearages fails, as does his claim that the Department failed to prove the amount of arrearages due from May 1982 to March 31, 1996.

Solis contends he was deprived of his due process rights when the trial court refused to hear the issues he raised in his declaration. He claims his declaration raised issues concerning Griego's entitlement to "reimbursement" and mistakes and fraud committed by the district attorney's office. Specifically, Solis argues (1) Griego cannot ask for "reimbursement" for child support because she did not contribute to their sons' support from 1984 to 1997, (2) the district attorney made mistakes when it diverted large portions of child support payments to the welfare department to pay off "non-existent" welfare arrears, and (3) the district attorney committed "fraud" when it sought modification of support payments. Solis asserts these circumstances entitle him to equitable relief from the arrearages.

Solis's contentions are all based on conduct that occurred before the 1996 order was issued. To the extent he is claiming the arrears listed on the 1996 order is inaccurate or should not have been ordered, his claim is barred by res judicata. "The doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment,

§ 334, p. 938, italics omitted.) "If an order is appealable, . . . and no timely appeal is taken therefrom, the issues determined by the order are res judicata." (*In re Matthew C.* (1993) 6 Cal.4th 386, 393 (*Matthew C.*); *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 599.) Res judicata applies to final adjudications rendered in the course of a divorce proceeding over which a court may have continuing jurisdiction. (*Wodicka*, *supra*, 17 Cal.3d at p. 188.) Here, having failed to appeal the 1996 order, Solis is precluded from relitigating the amount of arrears he owed as of March 31, 1996. (*Ibid.*; see also *Moffat v. Moffat* (1980) 27 Cal.3d 645, 656-659 [holding an erroneous child support order bound the parties for purposes of res judicata even when court issued it in error].)

Solis asserts he is entitled to relief from the arrearages on equitable grounds. However, Family Code section 3692, which provides that "a support order may not be set aside simply because the court finds that it was inequitable when made, nor simply because subsequent circumstances caused the support ordered to become excessive or inadequate[,]" expressly disallows those challenges. To the extent trial courts have the equitable power to modify or set aside prior orders (see 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 215, p. 823 [equitable relief may be allowed in cases of extrinsic fraud or extrinsic mistake]), section 3692 expressly precludes courts from exercising that power in cases of support orders. The Legislature has "determined equity is not served by retroactive modification of support orders, where simplified procedures are available for prospective modification." (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 628.) "[A] trial court has no discretion to absolve an obligor of support arrearages, or interest thereon." (*Id.* at p. 626.)

Because Solis did not timely challenge, either in the trial court or the appellate courts, the 1996 arrearages order, that order became final and, as the trial court correctly concluded below, the doctrine of res judicata now bars him from challenging that order. Solis does not assert, or show, the 1996 order was not appealable. His instant untimely

challenge to those orders is barred by res judicata.  (*Matthew C.*, *supra*, 6 Cal.4th at p. 393*; In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1216; cf. *Frank v. Frank* (1969) 275 Cal.App.2d 717, 723 [husband failed to challenge spousal support order on direct appeal and therefore was barred from later collaterally attacking it]; *In re Cicely L.* (1994) 28 Cal.App.4th 1697.)

*The Garnishment Order*

Solis contends the trial court abused its discretion in continuing the withholding from his social security benefits to pay arrearages because he presented a prima facie case of inability to pay, as his income and expense declaration shows his income was less than his expenses, and he is disabled.

Pursuant to Family Code section 5246, subdivision (e)(2), when a child support obligor objects to a notice to withhold on the ground payment of arrearages at the rate sought is excessive, and it is determined that payment of the arrearages at the rate specified by that section creates an undue hardship on the obligor, the rate of payment of arrearages "shall be reduced to a rate that is fair and reasonable considering the circumstances of the parties and the best interest of the child."  Here, the trial court, after reviewing the parties' incomes and expenses, ordered Solis to pay on the arrearages at a rate of $77 per month.  We review the trial court's order for abuse of discretion.  (*In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142, 1148-1149, superseded by statute on other grounds as stated in *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 185 & fn. 6.)

There was no abuse.  The trial court considered the total amount of Solis's arrears (over $33,000) and the interest accruing on the arrears each month ($282).  While the trial court acknowledged Solis could not keep up with the interest without being below the poverty level, it noted that if withholding was left at $77 per month, Solis's income would be almost $200 above the poverty level in California.  Accordingly, the trial court left the $77 withholding order in place, recognizing that the amounts Solis may be asked

to pay in reimbursement can vary based on the amounts he received and the respondent's needs.

Solis argues the trial court failed to consider his inability to pay, as shown by his income and expense declaration. But the record reveals that, before ordering payments of $77 per month, the trial court considered his papers and his argument on this point. That a different order may have issued does not authorize this court to substitute our judgment for that of the trial court. (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.) Instead, "[t]he trial court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice." (*Ibid.*) On this record, we cannot say the trial court abused its discretion to order Solis to pay $77 per month.

*The Department's Authority to Garnish Wages*

For the first time, Solis asserts the Department did not follow the Code of Civil Procedure process to obtain a court order to garnish his social security benefits, thereby voiding the garnishment of his benefits since January 1, 2001. Having failed to raise this issue in the trial court, he may not raise it here for the first time on appeal. (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 313.) In any event, his contention fails.

Here, the Department followed Family Code section 5246, which provides that where support enforcement services are being provided by the local child support agency, that agency may serve on the employer a notice of assignment in lieu of an earnings assignment order signed by a judicial officer, and that an order/notice to withhold income for child support has the same force and effect as an earnings assignment order signed by a judicial officer. (Fam. Code, § 5246, subd. (a) & (b).) Family Code section 5246, subdivision (f), specifically provides that the Department may issue a notice of wage withholding for child support arrears.

Social security retirement benefits are subject to assignment or garnishment to enforce support obligations, as provided in 42 United States Code section 659 and 5 Code of Federal Regulations section 581.103(c)(1)(ii). (See Hogoboom & King, Cal. Prac. Guide: Family Law (The Rutter Group 2012) 18:343.1, p. 18-118.) Federal regulations provide that legal process includes a child support order submitted by a child support agency using the standard order/notice to withhold income for child support when issued by a state agency authorized to issue income withholding notices pursuant to state or local law. (5 C.F.R. § 581.102(f)(1)(iv).)

The record shows Solis received notice that a wage assignment would issue through the statement in the June 17, 1996 order that "a wage and earnings assignment shall issue." This conforms to Family Code section 5230, subdivision (a), which requires all support orders to include an earnings assignment order. When an assignment order or an order/notice to withhold income for child support is served on an employer, the employer is required to deliver a copy to the employee. (Fam. Code, § 5234.) Service of an assignment order creates a lien on the employee's earnings and employer's property to the same extent as the service of an earnings withholding order provided in Code of Civil Procedure section 706.029. (Fam. Code, § 5242.) After the initial child support order has been entered, the court does not need to issue an arrears order before the Department's collection efforts, as each missed monthly installment becomes a judgment by operation of law and is enforceable like any other judgment. (*In re Marriage of Lamoure* (2011) 198 Cal.App.4th 807, 818-819.) A judgment for child support is enforceable until paid in full or otherwise satisfied. (Fam. Code, § 391, subd. (a).)

Here, the Department had the authority under Family Code section 5246 to issue a notice to withhold income and properly did so in this case.

## <u>DISPOSITION</u>

The trial court's January 17, 2012 orders are affirmed.  Solis's "Motion to Augment Record on Appeal … Re: Declaration of Daniel G. Solis, 12/28/2011," filed September 10, 2012, is granted.