Filed 9/12/14  Marriage of Sakov and Adut CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| In re the Marriage of JOSHUA SAKOV and ESTER ADUT. | |
| JOSHUA SAKOV,   Respondent,  v.  ESTER ADUT,   Appellant. | A140449  (San Mateo County Super. Ct. No. FAM071155) |

### INTRODUCTION

In yet another appeal arising from this exceptionally litigious family law proceeding, appellant Ester Adut appeals from the trial court's order terminating respondent Joshua Sakov's obligation to pay spousal support.[1]

### BACKGROUND AND PROCEDURAL HISTORY

The history of this proceeding is well known to the parties and this court.  We need not recite it here.

On October 26, 2010, respondent filed an order to show cause (OSC) to terminate spousal support.

---

[1] Once again, respondent has elected not to file a brief.  Because no respondent's brief was filed, we will decide the present appeal on the record, the opening brief, and any oral argument by appellant.  (Cal. Rules of Court, rule 8.220(a)(2), former rule 17(a); *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)

1

On December 7, 2010, appellant filed a responsive declaration opposing the OSC. The matter was heard on December 9, 2010.

On May 31, 2011, the trial court filed its order after hearing in which it ordered spousal support terminated as of December 31, 2010.

On December 8, 2011, appellant filed an application to set aside the support order under Family Code section 3691. As grounds for her request, she alleged fraud, perjury, and lack of notice. Specifically, she claimed she had not been given notice that the trial court would be making an order addressing the length of the parties' marriage. She also asserted that respondent or his attorney committed perjury in advising the court that he had continuously paid spousal support.

On October 31, 2012, the trial court filed its order after hearing granting appellant's request to set aside the May 31, 2011 order terminating spousal support. Among its findings, the court observed respondent and his attorney had "substantially misstate[d]" the length of time he had paid spousal support to appellant. The court concluded the decision to terminate spousal support had been made in reliance "on false information provided by [respondent]." Respondent did not appeal from this order.

On December 17, 2012, respondent filed a request for a temporary order staying his spousal support obligation pending hearing.

On January 7, 2013, the trial court held a hearing on respondent's request. The trial court denied the request for the stay. The court also noted that respondent had not explicitly requested modification or termination of support. His attorney stated that he did not file a motion because "with that [May 31, 2011] order set aside we are now back to where my client's [October 2010] motion to modify or terminate spousal support is now to be heard . . . ."

On January 9, 2013, the trial court filed its order after hearing. The order reflects the matter was continued to January 14, 2013 for further hearing "on [respondent's] motion filed 10/26/2010 to terminate or modify spousal support."

On January 14, 2013, a hearing was held on respondent's request. Appellant did not appear at the hearing.

On January 22, 2013, appellant filed a motion to vacate the January 9, 2013 order.

On January 25, 2013, the trial court filed its order after the hearing held on January 14, 2013, ordering the termination of spousal support.

On February 7, 2013, appellant filed an application for reissuance of her motion to vacate and to set the hearing date for no later than March 22, 2013.

On February 14, 2013, appellant filed a motion vacate the order entered on January 25, 2013.

On March 26, 2013, the trial court granted appellant's motion to vacate the orders made at the January 14, 2013 hearing on the ground that she had been given invalid notice.

On April 18, 2013, respondent filed a status conference statement seeking a conference to set another hearing on his October 26, 2010 motion to terminate spousal support.

On April 25, 2013, the trial court filed its order granting the request to set a status conference.

On June 28, 2013, the trial court ordered a hearing on the October 26, 2010 motion.

On July 8, 2013, appellant filed a request to set aside the June 28, 2013 order. She argued there was no legal basis upon which to set the October 26, 2010 OSC for trial.

On September 9, 2013, the trial court denied the request to set aside the June 28, 2013 order. The court ordered spousal support terminated as of January 1, 2011.

On September 23, 2013, the trial court filed its findings and order after hearing. In addition to terminating support, the order reflects appellant was ordered to repay any sums of spousal support paid by respondent from January 1, 2011 through the date of the hearing.

3

On October 17, 2013, appellant filed a motion to set aside the September 23, 2013 order on the ground that the order was in excess of jurisdiction.

On December 3, 2013, the trial court filed its order denying the motion to set aside the order terminating spousal support.  This appeal followed.

## DISCUSSION

### I.  Standard of Review

" 'Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case, and its propriety rests in the sound discretion of the trial court the exercise of which this court will not disturb unless as a matter of law an abuse of discretion is shown.' [Citation.]  An abuse of discretion occurs 'where, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances.' " (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7.)  "[W]hen a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 746.)  Where the appeal raises a question regarding the proper interpretation of a statute or the proper application of the law to uncontested facts, the standard of review is de novo.  (*In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 506-507.)

Appellant advances numerous arguments challenging the instant order.  We conclude the order is barred by principles of collateral estoppel.  Accordingly, we will not address her other arguments.

### II.  The Doctrine of Res Judicata and Collateral Estoppel

" 'Res judicata' describes the preclusive effect of a final judgment on the merits." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen*).)  "The doctrine of res judicata has two distinct aspects." (*Mitchell v. Jones* (1959) 172 Cal.App.2d 580, 584;  *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 529-530 (*Ferraro*).)  In its primary aspect, the doctrine has a claim-preclusive effect; in its secondary aspect, called

4

collateral estoppel, the doctrine is issue-preclusive. (*Clark v. Lesher* (1956) 46 Cal.2d 874, 880; *Ferraro, supra,* 161 Cal.App.4th at pp. 530-531.)

"According to that aspect of the doctrine of res judicata known as collateral estoppel, a party is collaterally estopped from relitigating an issue necessarily determined in a prior adjudication if (1) the issue decided in the previous litigation is identical with that presented in the action in question; (2) there was a final judgment on the merits in the first action; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior action. The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. [Citations.]" (*In re Marriage of Buckley* (1982) 133 Cal.App.3d 927, 935.)

As a general rule, res judicata does not apply when "the first ruling was not in a former action" but instead "was an earlier ruling in the same action." (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1185, italics omitted.) Nevertheless, "a prior appealable order becomes 'res judicata' in the sense that it becomes binding in the same case" if no appeal is taken. (*Id.* at pp. 1185-1186; see *In re Matthew C.* (1993) 6 Cal.4th 386, 393.) As more specifically relevant here, res judicata "applies to final adjudications rendered in the course of a divorce proceeding over which a court may have continuing jurisdiction and which may require several orders for its ultimate disposition." (*Wodicka v. Wodicka* (1976) 17 Cal.3d 181, 188.)

### III. *Collateral Estoppel Bars Relitigation of the October 26, 2010 OSC*

In granting appellant's motion to set aside the May 31, 2011 order terminating spousal support, the trial court concluded that the court at the December 9, 2010 hearing had "relied on false information provided by [respondent] in making its decision . . . ." Much of this false information was submitted in support of the October 26, 2010 OSC, including the accompanying supportive declarations prepared by respondent as well as his attorney. The court's ruling clearly addresses the merits of the OSC. Respondent did

5

not appeal from the set-aside order. Thus, the issues raised in the OSC were fully determined and the court's ruling became final long before respondent filed his April 18, 2013 request.

At the September 9, 2013 hearing on respondent's renewed effort to terminate support based on the October 26, 2010 OSC, the trial court stated its belief that an OSC "suddenly revives itself by virtue of being set aside." No authority was cited by the court for this novel proposition, nor did respondent's counsel cite to any law in support of this resurrection theory. Given that respondent has not filed a brief in this case, we are at a loss to determine what principles were relied on to arrive at the result reached below. However, it was clearly to respondent's advantage to invoke the October 26, 2010 OSC as a means of giving the 2013 ruling retroactive application.

Here, respondent's April 18, 2013 request is based on the same OSC underlying the order that the trial court set aside on October 31, 2012. Thus, the instant family court proceeding involves the exact claim that he lost almost two years earlier. Respondent never moved for reconsideration of the set-aside order nor did he file an appeal. "Where no party appeals or otherwise directly attacks, within the applicable statutory periods, a modification in the spousal support component of an interlocutory judgment of dissolution, that modification becomes final for purposes of res judicata and collateral estoppel. [Citation.]" (*In re Marriage of Maxfield* (1983) 142 Cal.App.3d 755, 759.) The issue-preclusive aspect of res judicata thus applies to bar the order from which appellant now appeals.

## DISPOSITION

The order terminating spousal support is reversed.

6

_____
Dondero, J.

We concur:


_____
Margulies, Acting P.J.


_____
Banke, J.